THE PRESIDENT, DIRECTORS & CO. OF THE PORTLAND BANK *versus* CHARLES FOX.

It is no defence to a note secured by mortgage, that the mortgagee has entered for the purposes of foreclosure, and that the premises are of more value than the debt for which they are security — unless the time of redemption has expired.

The mortgagee is not bound to account for rents and profits, unless the premises are redeemed.

*Mem.* — Emery J. being interested did not sit in the hearing or decision of this case.

THIS was assumpsit upon a note of hand signed by the defendant, which was secured by mortgage. The plaintiff had entered to foreclose, but the three years had not expired from the time of his entry. The defence was that the mortgaged premises were of more value than the debt — and that if the note was not to be considered as paid, that the plaintiff should account for the rents and profits of the premises in part satisfaction of it.

*Longfellow*, for plaintiff, cited *West* v. *Chamberlain*, 8 Pick. 336.

*Fox*, for defendant, cited *Amory* v. *Fairbanks*, 3 Mass. R. 562.

*Per Curiam.* The mortgagee in this case has entered to foreclose, but his title has not yet become perfected by lapse of time. The defendant, relying upon the case of *Amory* v. *Fairbanks*, 3 Mass. R. 562, insists that by taking possession of the premises mortgaged, the debt for which they stood as security, is satisfied. But the law has been settled otherwise in *West* v. *Chamberlain*, 8 Pick. 336. The property mortgaged constitutes no payment, till the title becomes absolute. The rights of the parties require such a conclusion. It is absurd to say that a debt is satisfied, when the party has a right to redeem — for if the debt be satisfied, then there is nothing to pay.

Neither can the rents and profits be allowed in reduction of damages. If there should be a redemption, the mortgagee is

to account for them. If not, they belong to the mortgagee. They are to be considered as necessary for the payment of the debt due him. If it were otherwise, the presumption is that the premises would be redeemed.